JON M. SANDS
Federal Public Defender
**RYAN MOORE**
Assistant Federal Public Defender
State Bar No. 023372
407 W. Congress St., Suite 501
Tucson, Arizona 85701
Tel. (520) 879-7500
ryan_moore@fd.org
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. 4:16-cr-01349-RCC |
|---|---|
| Plaintiff, | |
| vs. | **MOTION FOR APPOINTMENT OF COUNSEL** |
| Alan Alcala-Flores, | |
| Defendant. | |

Defendant, pursuant to 18 U.S.C. § 3006A(a)(2)(B) and 28 U.S.C. § 2255(g), moves for an order appointing the Federal Public Defender to review his case and to file any appropriate request for relief, including a petition for coram nobis based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019). No General Order authorizes the Federal Public Defender to appoint itself to review cases for appropriate *Rehaif*-based petitions.

The Federal Public Defender briefly represented Mr. Alcala in 2016 (Doc. 3) before he retained counsel (Doc. 8) for a guilty plea. He is presently financially unable to hire an attorney and his financial affidavit is filed contemporaneously with this motion.

I.  **RELEVANT BACKGROUND**

Mr. Alcala entered the United States at age 6 in 1999. (PSR ¶ 30.) On March 12, 2014, he was granted DACA status, which expired two years later on March 11, 2016, when he was 22 years old. (PSR ¶ 30.) Contrary to the PSR, however, which stated that he "failed to reapply for renewal of his DACA status," *id.*, he filed a timely application for renewal that was stamped received by USCIS on March 10, 2016. **(Attach. A.)** He believed that he was not unlawfully present while the renewal application was pending.

1	Three months later, on June 14, 2016, while his renewal application was still
2	pending, he was arrested with two guns in his car. (Doc. 1, complaint.) He was
3	subsequently indicted for one count of Alien in Possession of Firearms, in violation of 18
4	U.S.C. §§ 922(g)(5)(A) and 924(a)(2). (Doc. 12.)
5	On November 18, 2016, he pleaded guilty pursuant to the indictment to a written
6	plea agreement. (Doc. 28, plea agreement.) The plea agreement provided for 10 to 13
7	months of imprisonment at CHC I based on stipulations to a two-level reduction for
8	acceptance, a cap at the middle of the range, and no two-level stolen-gun enhancement.
9	(*Id.*) Without the plea agreement, and with the stolen-gun enhancement, the range would
10	have been 12 to 18 months at CHC I. (PSR ¶ 39.)
11	On March 14, 2017, the Court sentenced him to time served (273 days) and 2
12	years of supervised release. (Doc. 39, J&C.) He did not file an appeal and his conviction
13	became final when the 14-day period to do so expired on March 28, 2017. *See Clay v.*
14	*United States*, 537 U.S. 522, 527 (2003).
15	On March 13, 2019, he successfully completed his term of supervised release.
16	Three months later, on June 21, 2019, the Supreme Court decided *Rehaif*.
17	In his subsequent immigration case, the Ninth Circuit appointed a law student
18	clinic the Santa Clara University School of Law to represent him on a petition for review
19	of his final order of removal. That case remains pending. The law students contacted
20	undersigned counsel and provided the factual background and all supporting documents.
21	**II.   LAW**
22	The Court may appoint counsel under 18 U.S.C. § 3006A at any stage of habeas
23	proceedings. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Pursuant to 18 U.S.C.
24	§ 3006A(a)(2)(B), "[w]henever … the court determines that the interests of justice so
25	require" in seeking relief under 28 U.S.C. § 225, counsel may be appointed to represent
26	financially eligible defendants. Pursuant to 28 U.S.C. § 1915, the Court may permit a
27	habeas petitioner who submits a qualifying affidavit to proceed in forma pauperis and
28	may "request an attorney to represent any person unable to afford counsel." 28 U.S.C.

§ 1915(a)(1), (e)(1). "[C]ounsel must be appointed to represent indigent defendants in 2255 proceedings when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon v. United States*, 307 F.2d 445, 446-47 (9th Cir. 1962)).

### III. REASONS FOR APPOINTMENT OF COUNSEL

A claim may exist that the guilty plea was involuntary in violation of due process because he was not informed of the knowledge-of-status element first identified after his conviction in *Rehaif*. A guilty plea "cannot support a judgment of guilt unless it was voluntary in a constitutional sense." *Henderson v. Morgan*, 426 U.S. 637, 644-45 (1976); *accord United States v. Bousley*, 523 U.S. 614 (1998). "Where a defendant pleads guilty to a crime without having been informed of the crime's elements, this standard is not met and the plea is invalid." *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005); *accord Tanner v. McDaniel*, 493 F.3d 1135, 1147 (9th Cir. 2007). "Due process requires that the defendant be informed of the 'critical' elements of the offense." *United States v. Minore*, 292 F.3d 1109, 1115 (9th Cir. 2002), *abrogated on other grounds by United States v. Dominguez Benitez*, 542 U.S. 74, 84-85 (2004).

In *Rehaif*, 139 S. Ct. at 2194-98, the Supreme Court held that "knowingly" in 18 U.S.C. § 922(g)(5)(A) and § 924(a)(2) "applies both to the defendant's conduct and to [his] status." Because Mr. Alcala's guilty plea occurred prior to *Rehaif*, he was not informed of that new knowledge-of-status element. (Doc. 28, plea agreement; Doc. 41, plea transcript.) He did not admit that element in the plea colloquy (Doc. 41, transcript), in the factual basis of the plea agreement (Doc. 28), or in the probation officer's summary of his post-arrest statements to agents (PSR ¶¶ 3-4). (Counsel presently does not have access to his post-arrest interview.) Therefore, if the error was prejudicial, the guilty plea was involuntary and constitutional error occurred.

Counsel would also investigate other potential claims, including whether the circumstances give rise to a claim of "factual innocence," *Bousley*, 523 U.S. at 623, of being an alien "illegally or unlawfully in the United States." At least some aliens remain

3

lawfully present for up to four months, even though their lawful status has expired, while a timely-filed application for an extension of status filed before the date of expiration remains pending. *See* 8 U.S.C. § 1182(a)(9)(B)(iv); *see also United States v. Venegas-Vasquez*, 376 F. Supp. 3d 1094, 1105 (D. Or. 2019) (dismissing an indictment against a defendant who was in DACA status at the time of the offense because "'illegally or unlawfully in the United States' in § 922(g)(5) is grievously ambiguous and uncertain and therefore [the defendant] is entitled to the benefit of the rule of lenity"; "[I]f 'illegally or unlawfully in the United States' in § 922(g)(5) means or requires illegal or unlawful *presence*, then [he] was not illegally or unlawfully in the United States, and the indictment must be dismissed. If, however, "illegally or unlawfully in the United States" means illegal or unlawful *immigration status*, then [he] was illegally or unlawfully in the United States, and the indictment should not be dismissed.") (emphasis in original).

## IV.   CORAM NOBIS IS AN AVAILABLE AVENUE FOR RELIEF

The All Writs Act, 28 U.S.C. § 1651, confers jurisdiction on this Court to grant relief in the form of a writ of error coram nobis. *See United States v. Morgan*, 346 U.S. 502, 506 (1954). This remedy is separate and apart from the usual post-conviction remedy made available under 28 U.S.C. § 2255. *Id.* at 511. To establish an entitlement to coram nobis relief, the petitioner must show four elements: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character. *United States v. Chan*, 792 F.3d 1151, 1153 (9th Cir. 2015) (citing *United States v. Riedl*, 496 F.3d 1003, 1006 (9th Cir. 2007).

A *Rehaif* claim satisfies all four of these criteria.

*First*, the usual § 2255 remedy is no longer available because Mr. Alcala was no longer "in custody" for purposes of 28 U.S.C. § 2255(a), when *Rehaif* was decided on June 21, 2019. For that reason, § 2255 relief was never available to him.

4

  *Second*, valid reasons exist for not attacking the conviction earlier. *Rehaif* was not decided until June 21, 2019. The Ninth Circuit recently held that the solid wall of contrary circuit-court authority before *Rehaif* constitutes "cause" in proceedings under 28 U.S.C. § 2255 for not raising a *Rehaif*-related claim on direct appeal. *United States v. Werle*, --- F.4th ----, 2022 WL 1815771, at *4 (9th Cir. June 3, 2022).

  *Third*, a criminal conviction is presumed to have collateral consequences, such that a challenge to the conviction implicates the Article III case or controversy requirement. *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1065 n.1 (9th Cir. 2018) (citing *Spencer v. Kenna*, 523 U.S. 1, 8 (1998)). Indeed, the conviction rendered Mr. Alcala ineligible for relief from removal in his removal proceedings.

  *Fourth*, a claim that implicates a retroactive change in the law implicates an error of the most fundamental character. *Chan*, 792 F.3d at 1154-58 (holding that a rule that applies retroactively implicates an error of the most fundamental character, such that coram nobis relief is appropriate). *Rehaif* is retroactive because it is substantive; it narrows the reach of a federal criminal statute. *See Bousley*, 523 U.S. at 620-21 (holding that a Supreme Court decision that narrowed the elements of 18 U.S.C. § 924(c) applied retroactively on collateral review).

## V. THE COLLATERAL-ATTACK WAIVER IS UNENFORCEABLE

  The plea agreement's written waiver of the right to bring a collateral challenge under § 2255 (Doc. 28 at 5) does not bar the potential *Rehaif* claim.

  *First*, constitutional claims are not waived by the language in this plea agreement. *United States v. Wells*, 29 F.4th 580, 587 (9th Cir. 2022); *see also United States v. Torres*, 828 F.3d 1113 (9th Cir. 2016) (appeal waiver did not bar a claim that the sentence was unconstitutional where the district court calculated the Guidelines range using a provision that the Government conceded at the time was void for vagueness); *United States v. Odachyan*, 749 F.3d 798, 801 (9th Cir. 2014) (appeal waiver did not bar a claim that the sentence was unconstitutional as unfairly influenced by the district court's anti-immigrant bias); *United States v. Rivera*, 682 F.3d 1223, 1227-28 (9th Cir.

2012) (appeal waiver did not bar a claim that the sentence was unconstitutional because the district court excluded the defendant's family from the sentencing hearing).

*Second*, a magistrate judge's advice and questioning at a Change of Plea Hearing only about the plea agreement's "appeal" waiver, as here (Doc. 41 at 3, transcript), does not serve to waive a "collateral attack," which must also be addressed separately under Fed. R. Crim. P. 11. and "must be express." *Lemke v. Ryan*, 719 F.3d 1093, 1096 (9th Cir. 2013); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). This is true even where a defendant signed and agreed that he "read and understood" his "written plea agreement." *United States v. Arrellano-Gallegos*, 387 F.3d 794, 796-97 (9th Cir. 2004).

*Third*, a defendant cannot waive a colorable claim that his plea was not knowing and voluntary, and the government cannot establish voluntariness, where the guilty plea was entered without awareness of an element. *See United States v. Pena*, 314 F.3d 1152, 1157 n.1 (9th Cir. 2003) (waivers of appeal must stand or fall with the agreement of which they are a part); *Washington v. Lampert*, 422 F.3d 864, 869-71 (9th Cir. 2005) (waiver cannot bar claim related to the voluntariness of the waiver itself).

Therefore, no enforceable collateral-attack waiver exists barring this petition

## VI.   CONCLUSION

For the foregoing reasons, this Court should appoint counsel to assist in reviewing Mr. Alcala's case and, if appropriate, filing any request for relief.

RESPECTFULLY SUBMITTED:   June 17, 2022

JON M. SANDS
Federal Public Defender

*s/ Ryan Moore*
J. RYAN MOORE
Assistant Federal Public Defender

*Copy by CM/ECF this date to:*
Angela Woolridge, AUSA

6

**Attach. A**



# Consideration of Deferred Action for Childhood Arrivals

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**USCIS Form I-821D**
OMB No. 1615-0124
Expires 06/30/2016

| For USCIS Use Only | | Action Block |
|---|---|---|
| A- ☐☐☐☐☐☐☐☐☐ | APP I821D | |
| Case ID: | IOE0900456452  03/10/2016 | Denied by the Director |
| ☐ Requestor interviewed on _____ | | Verified by NSC |
| Returned: __/__/__   Received: __ | | |
| Resubmitted: __/__/__   Sent: __/__/__ | Relocated | |

| To Be Completed by an Attorney or Accredited Representative, if any. | ☐ Select this box if Form G-28 is attached to represent the requestor. | Attorney State Bar Number *(if any)*: |
|---|---|---|

▶ **START HERE** - Type or print in black ink. Read Form I-821D Instructions for information on how to complete this form.

### Part 1. Information About You *(For Initial and Renewal Requests)*

I am not in immigration detention *and* I have included Form I-765, Application for Employment Authorization, and Form I-765WS, Form I-765 Worksheet; and

I am requesting:

1. ☐ **Initial Request** - Consideration of Deferred Action for Childhood Arrivals

   **OR**

2. ☒ **Renewal Request** - Consideration of Deferred Action for Childhood Arrivals

   **AND**

For this Renewal request, my most recent period of Deferred Action for Childhood Arrivals expires on

*(mm/dd/yyyy)* ▶ [_____]

### Full Legal Name

| 3.a. | Family Name (Last Name) | ALCALA FLORES |
| 3.b. | Given Name (First Name) | ALAN |
| 3.c. | Middle Name | |

### U.S. Mailing Address *(Enter the same address on Form I-765)*

| 4.a. | In Care Of Name *(if applicable)* | ALAN ALCALA |
| 4.b. | Street Number and Name | 5080 N SHANNON ROAD |
| 4.c. | Apt. ☒  Ste. ☐  Flr. ☐ | 2 |
| 4.d. | City or Town | TUCSON |
| 4.e. | State | AZ |
| 4.f. | ZIP Code | 85705 |

### Removal Proceedings Information

5. Are you **NOW** or have you **EVER** been in removal proceedings, or do you have a removal order issued in any other context *(for example, at the border or within the United States by an immigration agent)*?

   ☐ Yes   ☒ No

   **NOTE:** The term "removal proceedings" includes exclusion or deportation proceedings initiated before April 1, 1997; an Immigration and Nationality Act (INA) section 240 removal proceeding; expedited removal; reinstatement of a final order of exclusion, deportation, or removal; an INA section 217 removal after admission under the Visa Waiver Program; or removal as a criminal alien under INA section 238.

   If you answered "Yes" to **Item Number 5.**, you must select a box below indicating your current status or outcome of your removal proceedings.

   Status or outcome:

   5.a. ☐ Currently in Proceedings *(Active)*
   5.b. ☐ Currently in Proceedings *(Administratively Closed)*
   5.c. ☐ Terminated
   5.d. ☐ Subject to a Final Order
   5.e. ☐ Other. Explain in **Part 8. Additional Information.**
   5.f. Most Recent Date of Proceedings *(mm/dd/yyyy)* ▶ [_____]
   5.g. Location of Proceedings [_____]

Form I-821D 06/04/14 N

Page 1 of 7

### Part 1. Information About You *(For Initial and Renewal Requests) (continued)*

#### Other Information

6. Alien Registration Number (A-Number) *(if any)*
   ▶ A- | 2 | 0 | 5 | 6 | 0 | 4 | 3 | 7 | 8 |

7. U.S. Social Security Number *(if any)*
   ▶ | 2 | 0 | 9 | 5 | 9 | 6 | 1 | 1 | 2 |

8. Date of Birth *(mm/dd/yyyy)* ▶ 07/30/1993

9. Gender  [X] Male  [ ] Female

10.a. City/Town/Village of Birth
   MEXICO CITY

10.b. Country of Birth
   MEXICO

11. Current Country of Residence
   UNITED STATES OF AMERICA

12. Country of Citizenship or Nationality
   MEXICO

13. Marital Status
   [ ] Married  [ ] Widowed  [X] Single  [ ] Divorced

#### Other Names Used *(If Applicable)*

If you need additional space, use **Part 8. Additional Information**.

14.a. Family Name *(Last Name)*
14.b. Given Name *(First Name)*
14.c. Middle Name

### Processing Information

15. Ethnicity *(Select only one box)*
    [X] Hispanic or Latino
    [ ] Not Hispanic or Latino

16. Race *(Select all applicable boxes)*
    [X] White
    [ ] Asian
    [ ] Black or African American
    [ ] American Indian or Alaska Native
    [ ] Native Hawaiian or Other Pacific Islander

17. Height    Feet  5   Inches  11

18. Weight    Pounds  2  1  0

19. Eye Color *(Select only one box)*
    [X] Black    [ ] Blue     [ ] Brown
    [ ] Gray     [ ] Green    [ ] Hazel
    [ ] Maroon   [ ] Pink     [ ] Unknown/Other

20. Hair Color *(Select only one box)*
    [ ] Bald (No hair)  [X] Black   [ ] Blond
    [ ] Brown           [ ] Gray    [ ] Red
    [ ] Sandy           [ ] White   [ ] Unknown/Other

### Part 2. Residence and Travel Information *(For Initial and Renewal Requests)*

1. I have been continuously residing in the U.S. since at least June 15, 2007, up to the present time.  [X] Yes  [ ] No

**NOTE:** If you departed the United States for some period of time before your 16th birthday and returned to the United States on or after your 16th birthday to begin your current period of continuous residence, and if this is an initial request, submit evidence that you established residence in the United States prior to 16 years of age as set forth in the instructions to this form.

**For Initial Requests:** List your current address and, to the best of your knowledge, the addresses where you resided since the date of your initial entry into the United States to present.

**For Renewal Requests:** List only the addresses where you resided since you submitted your last Form I-821D that was approved.

If you require additional space, use **Part 8. Additional Information**.

**Part 2. Residence and Travel Information** *(For Initial and Renewal Requests) (continued)*

**Present Address**

2.a. Dates at this residence *(mm/dd/yyyy)*
From ▶ 05/01/2013   To ▶ Present

2.b. Street Number and Name: 5080 N SHANNON ROAD

2.c. Apt. [X]   Ste. [ ]   Flr. [ ]   2

2.d. City or Town: TUCSON

2.e. State: AZ   2.f. ZIP Code: 85705

**Address 1**

3.a. Dates at this residence *(mm/dd/yyyy)*
From ▶ 07/01/2003   To ▶ 04/30/2013

3.b. Street Number and Name: 5445 N SHANNON ROAD

3.c. Apt. [X]   Ste. [ ]   Flr. [ ]   14

3.d. City or Town: TUCSON

3.e. State: AZ   3.f. ZIP Code: 85705

**Address 2**

4.a. Dates at this residence *(mm/dd/yyyy)*
From ▶   To ▶

4.b. Street Number and Name:

4.c. Apt. [ ]   Ste. [ ]   Flr. [ ]

4.d. City or Town:

4.e. State:   4.f. ZIP Code:

**Address 3**

5.a. Dates at this residence *(mm/dd/yyyy)*
From ▶   To ▶

5.b. Street Number and Name:

5.c. Apt. [ ]   Ste. [ ]   Flr. [ ]

5.d. City or Town:

5.e. State:   5.f. ZIP Code:

**Travel Information**

For Initial Requests: List all of your absences from the United States since June 15, 2007.

For Renewal Requests: List only your absences from the United States since you submitted your last Form I-821D that was approved.

If you require additional space, use **Part 8. Additional Information.**

**Departure 1**

6.a. Departure Date   *(mm/dd/yyyy)* ▶

6.b. Return Date   *(mm/dd/yyyy)* ▶

6.c. Reason for Departure

**Departure 2**

7.a. Departure Date   *(mm/dd/yyyy)* ▶

7.b. Return Date   *(mm/dd/yyyy)* ▶

7.c. Reason for Departure

8. Have you left the United States without advance parole on or after August 15, 2012?   [ ] Yes   [ ] No

9.a. What country issued your last passport?

9.b. Passport Number

9.c. Passport Expiration Date   *(mm/dd/yyyy)* ▶

10. Border Crossing Card Number *(if any)*

**Part 3. For Initial Requests Only**

1. I initially arrived and established residence in the U.S. prior to 16 years of age.   [ ] Yes   [ ] No

2. Date of *Initial* Entry into the United States *(on or about)* *(mm/dd/yyyy)* ▶

3. Place of *Initial* Entry into the United States

| Part 3. For Initial Requests Only *(continued)* |
|---|

4. Immigration Status on June 15, 2012 *(e.g., No Lawful Status, Status Expired, Parole Expired)*

   [                    ]

5.a. Were you EVER issued an Arrival-Departure Record (Form I-94, I-94W, or I-95)?  ☐ Yes  ☐ No

5.b. If you answered "Yes" to Item Number 5.a., provide your Form I-94, I-94W, or I-95 number *(if available)*.
   ▶ [         ]

5.c. If you answered "Yes" to Item Number 5.a., provide the date your authorized stay expired, as shown on Form I-94, I-94W, or I-95 *(if available)*.
   *(mm/dd/yyyy)* ▶ [         ]

### Education Information

6. Indicate how you meet the education guideline *(e.g., Graduated from high school, Received a general educational development (GED) certificate or equivalent state-authorized exam, Currently in school)*

   `Graduated from high school`

7. Name, City, and State of School Currently Attending or Where Education Received

   `Tucson, Arizona`

8. Date of Graduation *(e.g., Receipt of a Certificate of Completion, GED certificate, other equivalent state-authorized exam)* or, if currently in school, date of last attendance. *(mm/dd/yyyy)* ▶ [         ]

### Military Service Information

9. Were you a member of the U.S. Armed Forces or U.S. Coast Guard?  ☐ Yes  ☒ No

If you answered "Yes" to Item Number 9., you must provide responses to Item Numbers 9.a. - 9.d.

9.a. Military Branch [         ]

9.b. Service Start Date *(mm/dd/yyyy)* ▶ [         ]

9.c. Discharge Date *(mm/dd/yyyy)* ▶ [         ]

9.d. Type of Discharge [         ]

| Part 4. Criminal, National Security, and Public Safety Information *(For Initial and Renewal Requests)* |
|---|

If any of the following questions apply to you, use **Part 8. Additional Information** to describe the circumstances and include a full explanation.

1. Have you EVER been arrested for, charged with, or convicted of a felony or misdemeanor, *including incidents handled in juvenile court*, in the United States? *Do not include minor traffic violations unless they were alcohol- or drug-related.*  ☐ Yes  ☒ No

   **If you answered "Yes," you must include a certified court disposition, arrest record, charging document, sentencing record, etc., for each arrest, unless disclosure is prohibited under state law.**

2. Have you EVER been arrested for, charged with, or convicted of a crime in any country other than the United States?  ☐ Yes  ☒ No

   **If you answered "Yes," you must include a certified court disposition, arrest record, charging document, sentencing record, etc., for each arrest.**

3. Have you EVER engaged in, do you continue to engage in, or plan to engage in terrorist activities?  ☐ Yes  ☒ No

4. Are you NOW or have you EVER been a member of a gang?  ☐ Yes  ☒ No

5. Have you EVER engaged in, ordered, incited, assisted, or otherwise participated in any of the following:

5.a. Acts involving torture, genocide, or human trafficking?  ☐ Yes  ☒ No

5.b. Killing any person?  ☐ Yes  ☒ No

5.c. Severely injuring any person?  ☐ Yes  ☒ No

5.d. Any kind of sexual contact or relations with any person who was being forced or threatened?  ☐ Yes  ☒ No

6. Have you EVER recruited, enlisted, conscripted, or used any person to serve in or help an armed force or group while such person was under age 15?  ☐ Yes  ☒ No

7. Have you EVER used any person under age 15 to take part in hostilities, or to help or provide services to people in combat?  ☐ Yes  ☒ No

## Part 5. Statement, Certification, Signature, and Contact Information of the Requestor *(For Initial and Renewal Requests)*

**NOTE:** Select the box for either **Item Number 1.a.** or **1.b.**

1.a. [X] I can read and understand English, and have read and understand each and every question and instruction on this form, as well as my answer to each question.

1.b. [ ] The interpreter named in **Part 6.** has read to me each and every question and instruction on this form, as well as my answer to each question, in [ _____ ], a language in which I am fluent. I understand each and every question and instruction on this form as translated to me by my interpreter, and have provided true and correct responses in the language indicated above.

### Requestor's Certification

I certify, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct and that copies of documents submitted are exact photocopies of unaltered original documents. I understand that I may be required to submit original documents to U.S. Citizenship and Immigration Services (USCIS) at a later date. I also understand that knowingly and willfully providing materially false information on this form is a federal felony punishable by a fine, imprisonment up to 5 years, or both, under 18 U.S.C. section 1001. Furthermore, I authorize the release of any information from my records that USCIS may need to reach a determination on my deferred action request.

2.a. Requestor's Signature [signed]

2.b. Date of Signature *(mm/dd/yyyy)* ▶ 12/20/2015

### Requestor's Contact Information

3. Requestor's Daytime Telephone Number

4. Requestor's Mobile Telephone Number
   (520) 312-9175

5. Requestor's Email Address

## Part 6. Contact Information, Certification, and Signature of the Interpreter *(For Initial and Renewal Requests)*

### Interpreter's Full Name

Provide the following information concerning the interpreter:

1.a. Interpreter's Family Name *(Last Name)*

1.b. Interpreter's Given Name *(First Name)*

2. Interpreter's Business or Organization Name *(if any)*

### Interpreter's Mailing Address

3.a. Street Number and Name

3.b. Apt. [ ]  Ste. [ ]  Flr. [ ]

3.c. City or Town

3.d. State [ ]   3.e. ZIP Code

3.f. Province

3.g. Postal Code

3.h. Country

### Interpreter's Contact Information

4. Interpreter's Daytime Telephone Number

5. Interpreter's Email Address

Form I-821D 06/04/14 N

Page 5 of 7

**Part 6. Contact Information, Certification, and Signature of the Interpreter** *(For Initial and Renewal Requests) (continued)*

### Interpreter's Certification

**I certify that:**

I am fluent in English and _____ which is the same language provided in **Part 5., Item Number 1.b.**;

I have read to this requestor each and every question and instruction on this form, as well as the answer to each question, in the language provided in **Part 5., Item Number 1.b.**; and

The requestor has informed me that he or she understands each and every instruction and question on the form, as well as the answer to each question.

**6.a.** Interpreter's Signature

**6.b.** Date of Signature *(mm/dd/yyyy)* ▶

**Part 7. Contact Information, Declaration, and Signature of the Person Preparing this Request, If Other than the Requestor** *(For Initial and Renewal Requests)*

### Preparer's Full Name

Provide the following information concerning the preparer:

**1.a.** Preparer's Family Name *(Last Name)*
Resendiz

**1.b.** Preparer's Given Name *(First Name)*
Teresa

**2.** Preparer's Business or Organization Name

### Preparer's Mailing Address

**3.a.** Street Number and Name: 414 W Pennsylvania

**3.b.** Apt. ☐  Ste. ☐  Flr. ☐

**3.c.** City or Town: Tucson

**3.d.** State: AZ    **3.e.** ZIP Code: 85714

**3.f.** Province

**3.g.** Postal Code

**3.h.** Country: USA

### Preparer's Contact Information

**4.** Preparer's Daytime Telephone Number
5204906876

**5.** Preparer's Fax Number

**6.** Preparer's Email Address

### Preparer's Declaration

I declare that I prepared this Form I-821D at the requestor's behest, and it is based on all the information of which I have knowledge.

**7.a.** Preparer's Signature *[signed]*

**7.b.** Date of Signature *(mm/dd/yyyy)* ▶ 12/20/2015

**NOTE:** If you need extra space to complete any item within this request, see the next page for **Part 8. Additional Information.**

**Part 8. Additional Information** *(For Initial and Renewal Requests)*

If you need extra space to complete any item within this request, use the space below. You may also make copies of this page to complete and file with this request. Include your name and A-Number *(if any)* at the top of each sheet of paper; indicate the **Page Number, Part Number,** and **Item Number** to which your answer refers; and sign and date each sheet.

**Full Legal Name**

1.a. Family Name *(Last Name)*: ALCALA FLORES
1.b. Given Name *(First Name)*: ALAN
1.c. Middle Name:

2. A-Number *(if any)* ► A- 2 0 5 6 0 4 3 7 8

3.a. Page Number
3.b. Part Number
3.c. Item Number
3.d.

4.a. Page Number
4.b. Part Number
4.c. Item Number
4.d.

5.a. Page Number
5.b. Part Number
5.c. Item Number
5.d.